UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-80105-Middlebrooks/Matthewman

UNITED STATES OF AMERICA,

v.

ZACHARY NELSON,

    Defendant.
_____/

FILED BY____KJZ____D.C.
Sep 7, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from the Honorable United States District Judge Donald M. Middlebrooks, DE 17, and the consent of the parties for a United States Magistrate Judge to conduct the change of plea hearing and accept a guilty plea for Defendant, Zachary Nelson ("Defendant"). The Court held a change of plea hearing in open Court on September 7, 2022, which was attended by Defendant, his counsel, James S. Benjamin, Esq., and John Scanlon, Esq., United States Department of Justice, on behalf of the Government. The Court hereby advises, finds and recommends as follows:

    1.    The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court also advised Defendant that the undersigned U.S. Magistrate Judge was conducting the change of plea hearing and taking Defendant's plea of guilty by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the DOJ Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District

Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

2. The Court advised Defendant that he did not have to consent to the Undersigned conducting this hearing or taking his guilty plea and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the DOJ Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing and taking Defendant's guilty plea.

3. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. A written plea agreement has been entered into by the parties in this case. [DE 31]. This Court reviewed the plea agreement with the Defendant in open Court and had the Defendant acknowledge that he had reviewed and signed the plea agreement. This Court also made certain that Defendant was aware of any maximum sentences which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

5. Defendant acknowledged that he was fully satisfied with the services of his attorney James S. Benjamin, Esq., and that he had full opportunity to discuss all facets of his case with his attorney.

6. Defendant knowingly and voluntarily with the advice of competent counsel pled guilty to Count One of the Information. Count One charges that Defendant knowingly and willfully combined, conspired, confederated, and agreed with others, in violation of Title 18, United States Code, Section 1349, to commit health care fraud and wire fraud, that is: (a) to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program

affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and (b) to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343. [DE 1].

7. The parties filed a Plea Agreement [DE 31] and Agreed Factual Basis for Guilty Plea [DE 32], made part of the record and both signed by Defendant, defense counsel, and the Government. The Plea Agreement and Agreed Factual Basis for Guilty Plea, as orally supplemented by the prosecutor at the change of plea hearing, include all of the essential elements of and factual support for the offenses to which Defendant pled guilty. Defendant acknowledged that the written proffer and oral proffer were true and correct.

8. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the Undersigned

FINDS and RECOMMENDS that Defendant, Zachary Nelson, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Count One of the Information, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter. Sentencing is currently set for November 10, 2022, at 10:30 a.m. before the Honorable Donald M. Middlebrooks, U.S. District Judge.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of September, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge